Dear Senator Dyer:
This opinion is in response to your question asking:
 In St. Charles County, must the fourth class cities comply with both Section 71.012 and Section 71.014, RSMo, or is it optional for a city to choose either of these sections and exclude the other and still be in compliance with the laws?
Section 71.012, RSMo 1986, provides:
 1. Notwithstanding the provisions of sections 71.015 and 71.860 to 71.920, the governing body of any city, town, or village may annex unincorporated areas which are contiguous and compact to the existing corporate limits of the city, town, or village as provided in this section.
 2. (1) When a verified petition, requesting annexation and signed by the owners of all fee interests of record in all tracts of real property located within the area proposed to be annexed, is presented to the governing body of the city, town, or village, the governing body shall hold a public hearing concerning the matter not less than fourteen nor more than sixty days after the petition is received, and the hearing shall be held not less than seven days after notice of the hearing is published in newspapers of general circulation qualified to publish legal matters.
 (2) At the public hearing any interested person, corporation or political subdivision may present evidence regarding the proposed annexation. If, after holding the hearing, the governing body of the city, town, or village determines that the annexation is reasonable and necessary to the proper development of the city, town, or village, and the city, town, or village has the ability to furnish normal municipal services to the area to be annexed within a reasonable time, it may, subject to the provisions of subdivision (3) of this subsection, annex the territory by ordinance without further action.
 (3) If a written objection to the proposed annexation is filed with the governing body of the city, town, or village not later than fourteen days after the public hearing by at least two percent of the qualified voters of the city, town, or village or at least eight qualified voters of the city, town, or village, whichever is the lesser of the two figures, or two qualified voters of the area sought to be annexed if the same contains two qualified voters, the provisions of sections 71.015 and 71.860 to 71.920, shall be followed.
 3. If no objection is filed, the city, town, or village shall extend its limits by ordinance to include such territory, specifying with accuracy the new boundary lines to which the city's, town's, or village's limits are extended. Upon duly enacting such annexation ordinance, the city, town, or village shall cause three certified copies of the same to be filed with the clerk of the county wherein the city, town, or village is located, whereupon the annexation shall be complete and final and thereafter all courts of this state shall take judicial notice of the limits of that city, town, or village as so extended.
Section 71.014, RSMo 1986, as it applies to fourth class cities, provides in part:
 1. Notwithstanding the provisions of section 71.015, the governing body of any city, town, or village which is located within a county which borders a first class county with a charter form of government with a population in excess of nine hundred thousand, proceeding as otherwise authorized by law or charter, may annex unincorporated areas which are contiguous and compact to the existing corporate limits upon verified petition requesting such annexation signed by the owners of all fee interests of record in all tracts located within the area to be annexed.
Both of these sections address an annexation in which a petition is filed by all of the owners of the fee interest in an unincorporated tract of land contiguous and compact to the existing limits of the city. Such voluntary annexation first became possible with the adoption of Section 71.014 in 1973. At that time this procedure was only available to cities located in the counties of St. Charles, Jefferson, and Franklin, counties which bordered St. Louis County, a first class charter county with a population in excess of 900,000. This section avoided the requirements of Section 71.015, whereby a declaratory judgment against the inhabitants in the area to be annexed was required.
In 1976 the legislature adopted Section 71.012. As originally written, Section 71.012.1 contained the following language "except any city located within a county which borders a first class county with a charter form of government with a population in excess of nine hundred thousand. . . ." It is apparent that this section was adopted to provide a procedure for voluntary annexation to cities throughout the rest of the state similar to the procedure available to cities in the counties of St. Charles, Jefferson, and Franklin.
In 1980 the legislature amended Section 71.012 deleting the language "excepting cities [in the counties of St. Charles, Jefferson, and Franklin]." Thus the legislature evidenced an intent to allow cities in these counties to proceed under Section 71.012. Section 71.014 was left untouched by the legislature in 1980. Also in 1980 the legislature, reacting to allegations that the due process rights of those whose property was being annexed by cities were given no voice in the annexation process, amended Section 71.015 to include such a requirement for involuntary annexations. See State ex inf.Nesslage v. City of Lake St. Louis, 718 S.W.2d 214 (Mo.App. 1986). It is our conclusion, based on the different procedures set forth by statute and the deletion of the language excepting the cities in the counties of St. Charles, Jefferson and Franklin in Section 71.012, that the legislature intended the three procedures to be alternatives available to cities in St. Charles, Jefferson and Franklin Counties.
Our opinion is strengthened by the court's decision inState ex inf. Nesslage v. City of Lake St. Louis, supra. In that case the Missouri Court of Appeals, Eastern District, considered whether Section 71.012 was available to villages and towns, specifically the town of Dardenne Prairie. In holding that the section was available to Dardenne Prairie, the court addressed whether Section 71.012 conflicted with Section 80.030 which requires towns and villages to annex adjacent territory by filing a petition with the county commission. The court determined no conflict existed between Section 71.012 and Section 80.030 "[r]ather, they provide alternative procedures for annexation by a town or village." Id. at 219.
CONCLUSION
It is the opinion of this office that Section 71.012 and Section 71.014, RSMo 1986, provide alternative methods of annexation. A city of the fourth class in St. Charles County has the option of proceeding under either of these sections.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General